**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LEONARD THOMAS CARSTEN,

    Petitioner,                                       Civil No. 05-CV-71507-DT
                                                           HONORABLE LAWRENCE P. ZATKOFF
v.                                                UNITED STATES DISTRICT JUDGE

BARRY DAVIS,

    Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS TO DELETE UNEXHAUSTED CLAIMS AND AMENDING THE CAPTION OF THE PETITION FOR WRIT OF HABEAS CORPUS**

        Leonard Thomas Carsten, ("Petitioner"), presently confined at the Newberry Correctional Facility in Newberry, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction for first-degree felony murder. [1] Petitioner has now filed a motion to amend his habeas petition to delete several unexhausted claims that he raised in his initial petition. For the reasons stated below, petitioner's motion to amend the petition to delete his unexhausted claims is **GRANTED**. The Court will further amend the caption to reflect the name of petitioner's current warden, Barry Davis.

---

[1] Petitioner was incarcerated at the Carson City Correctional Facility in Carson City, Michigan when he originally filed his habeas petition and the original respondent was Kurt Jones.

**I.  DISCUSSION**

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court.  *See Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999) (citing FED. R. CIV. P. Rule 15).  Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted.  *See Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).

A habeas petitioner has a right to amend his mixed petition containing exhausted and unexhausted claims to delete his unexhausted claims, as an alternative to the petition being dismissed.  *See James v. Giles*, 221 F. 3d 1074, 1077 (9th Cir. 2000); *Jackson v. Dormire*, 180 F. 3d 919, 920 (8th Cir. 1999).  Outright dismissal of this mixed petition would be error without affording petitioner the opportunity to amend the petition by striking any unexhausted claims as an alternative to dismissal.  *See Anthony v. Cambra*, 236 F. 3d 568, 574 (9th Cir. 2000).  In addition, Petitioner's filing of his motion to amend the petition before the State has answered and well before the Court would rule on the issues in his petition weighs in favor of granting his motion to amend.  *See Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999).  Accordingly, the Court will permit petitioner to delete any unexhausted claims which were raised in his original petition.

The Court will also order that the caption in this case be amended to reflect that the proper respondent in this case is now Barry Davis, the warden of Newberry Correctional Facility in Newberry, Michigan, where petitioner is currently incarcerated.

## II.  ORDER

**IT IS HEREBY ORDERED** That petitioner's motion to amend the petition to delete any unexhausted claims is **GRANTED.**

**IT IS FURTHER ORDERED** that the caption of the case be amended to reflect that Barry Davis is the proper respondent in this case.

s/Lawrence P. Zatkoff<br>
LAWRENCE P. ZATKOFF<br>
UNITED STATES DISTRICT JUDGE

Dated:  August 1, 2005

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 1, 2005.

s/Marie E. Verlinde<br>
Case Manager<br>
(810) 984-3290